IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD PAYNE, JR., | ) | |
| | ) | Civil Action No. 12 – 1584 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL J. ZAVADA and BRIAN S. MILLER, | ) ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (ECF No. 13). On January 23, 2013, the undersigned entered a Report and Recommendation (ECF No. 15) recommending that Plaintiff's Motion be denied. However, it appears as though all parties consented to jurisdiction by Magistrate Judge prior to entry of the Report and Recommendation, and, therefore, no objections are permitted. The Report and Recommendation has been vacated and Plaintiff's Motion will be denied for the reasons set forth below.

In his Motion for Temporary Restraining Order, Plaintiff requests that the Court direct the Defendants to provide him with pen, paper and postage so that he can comply with orders in his three cases pending before this Court. This is Plaintiff's second motion on this topic, the first being filed on November 6, 2012 in case number 2:12-cv-1206, and denied on November 8, 2012.

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a

1

reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction.  Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.  Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

  The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity.  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert*. *denied*, 514 U.S. 1103 (1995).  The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert*. *denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed

with money damages).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.  Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that a temporary restraining order or preliminary injunctive relief is warranted in this case.  First, Plaintiff's allegations in his Motion for Temporary Restraining Order bear no relation to the action pending and, therefore, is an impermissible basis for seeking injunctive relief[1] as the issuance of a

---

[1] *See*, *e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); Spencer v. Stapler, No. 04-1532, 2006 U.S. Dist. LEXIS 50940, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of

preliminary injunction is to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. *See* Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir. 1994).

Alternatively, even if the Court were to assume that Plaintiff's requests regarding preliminary injunction were sufficiently related to the complaint, the motion would still fail because he is unable to demonstrate a likelihood of success on the merits. The Supreme Court has "consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977). However, for claims involving inadequate legal supplies such as paper, pens, and photocopying, a plaintiff must show that the alleged inadequacies resulted in an "actual injury" where he was actually denied access to the courts. *See* Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Dilley v. Gunn, 64 F.3d 1365, 1368 n.2 (9th Cir. 1995). Plaintiff has not met his burden.

First, Plaintiff has not specified what legal supplies he has received and what legal supplies he has been denied. The State must only provide the basic supplies, which ensures that the prisoner's access to the court is "meaningful." *See* Phillips v. Hurst, 588 F.3d 652, 656-57 (9th Cir. 2009). The State does not have an obligation to provide unlimited free legal supplies. *See* Twyman v. Crisp, 584 F.2d 352, 360 (10th Cir. 1978); Bach v. Coughlin, 508 F.2d 303, 307-08 (7th Cir. 1974). Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations. Id. If Plaintiff has been provided the necessary supplies to give him access to the courts, then he would not be successful on an access to courts claim under 42

---

persons other than the named defendants); Westbank Yellow Pages v. BRI, Inc., No. 96-1128, 1996 U.S. Dist. LEXIS 6785, 1996 WL 255912, *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action); Williams v. Platt, 2006 U.S. Dist. LEXIS 3169, 2006 WL 149124, *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint").

U.S.C. § 1983.  However, the only information currently available is that Plaintiff has access to a pen, paper, envelope, and postage because he was able to compose and submit this motion to the Court.

Even supposing Plaintiff was denied necessary legal supplies, he would need to prove that he has suffered or will suffer an "actual injury" as a result of the inadequate supplies.  *See* Lewis, 518 U.S. at 351-52.  An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost.  Christopher v. Harbury, 536 U.S. 403, 415 (2003); *see also* Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  Plaintiff cannot just point to alleged lack of legal materials as a basis for injury; rather, he must show that he has or will suffer a relevant, actual injury because of the lack of materials and this he has not done.  Therefore, Plaintiff has failed to meet the burden of proof required to demonstrate that he is being denied access to the courts.

The Court in cognizant that Plaintiff receives an allotment of legal supplies, which is provided to him by the Department of Corrections on a weekly and/or monthly basis.  It is also cognizant that Plaintiff is currently litigating three actions in this Court.  Consequently, instead of filing duplicative Motions for Temporary Restraining Orders seeking additional supplies, Plaintiff may wish to file motions for extension of time to comply with Court orders for which he may need to wait to obtain new supplies in order to comply.

**AND NOW**, this 20th day of February, 2013,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 13) is **DENIED**.

By the Court:

_____
Lisa Pupo Lenihan

                                                    Chief United States Magistrate Judge

cc:   Donald Payne, Jr.
       0138-2013
       Westmoreland County Prison
       3000 South Grande Boulevard
       Greensburg, PA  15601
       *Via U.S. Postal Mail*

       Counsel of Record
       *Via ECF Electronic Mail*